# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION

**KRISTIANA L. MEROLLA**

v.                                              No. 5:22-cv-81-BJB

**MONEYGRAM INTERNATIONAL, INC.
ET AL.**

## MEMORANDUM OPINION & ORDER

This case is before the Court to determine—for the second time—whether the plaintiff, Kristiana Merolla, has satisfied the amount-in-controversy requirement for the Court's subject-matter jurisdiction. The Court previously held that in order to surpass the $75,000 damages threshold, the second amended complaint relied on a punitive damages award that is likely well beyond what is constitutionally permissible. *See* Opinion & Order (DN 36) at 8. But because the Court was not convinced with "legal certainty" that Merolla couldn't recover her claimed amount of punitive damages against the Defendant Jon Kahlkopf, the Court allowed her to move to file a third amended complaint more fully explaining the basis for the punitive damages. *Id.* (citing *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001)).

So Merolla filed a third amended complaint, which the Court construes as a motion to amend her previous complaint.[1] But instead of simply clarifying her damages claims against Kahlkopf, Merolla attempts to add multiple claims and demands $7 million in compensatory and punitive damages against both MoneyGram and Kahlkopf. MoneyGram has since filed a motion to strike the allegations in the proposed complaint (DN 42), while Kahlkopf has moved to dismiss it (DN 43). Kahlkopf also moved to file a surreply (DN 40) and to hold Merolla in contempt (DN 43).

---

[1] Unless a party amends as a matter of course under FED R. CIV. P. 15(a)(1) (not applicable here), it must seek "the court's leave" or the opposing part's consent under FED R. CIV. P. 15(a)(2) before filing any amended pleading. Consistent with Rule 15, the Court allowed Merolla to "file a request to further clarify her allegations." Opinion at 8. Merolla filed no motion, request, or justification with her proposed amended complaint to support the new allegations that reached beyond the amount in controversy. But given Merolla's *pro se* status and Rule 15's "principle that cases should be tried on their merits rather than the technicalities of pleadings," *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986) (internal quotation marks omitted), the Court construes the putative complaint as a request to amend.

1

I.  **This Litigation**

Merolla, representing herself *pro se*, filed this lawsuit in June 2022 after losing custody of her child to Child Protective Services. Opinion at 2. Merolla alleges she contracted with Jon Scott (a/k/a Jon Kahlkopf) in August 2021 for "investigative services" related to her custody battle. *Id.* at 1–2. Kahlkopf, who is also proceeding *pro se*, purportedly runs a business ("Returnmychild.com") that helps parents regain custody of their children. *Id.* at 2. Merolla claims she paid Kahlkopf $6,200 to retain his services. *Id.* But as described in the Court's March 2024 opinion, those parties soon became embroiled in a "multi-state relationship gone wrong." *Id.* at 1. Merolla claims Kahlkopf breached their contract, misrepresented his services, and committed fraud. *Id.* She also brought claims against MoneyGram Payment Systems, Inc.—a payment-transfer company she used to submit payments to Kahlkopf—for "supporting a fraudulent business" (among other claims). *Id.* She sued each party for $6,200 in compensatory damages and $250,000 in punitive damages. *Id.* at 3.

MoneyGram and Kahlkopf both filed motions to dismiss. The Court found that Merolla failed to show the amount in controversy against MoneyGram exceeded $75,000. MoneyGram had made clear to a "legal certainty" that Merolla could not recover that amount. *Id.* at 4. In any event, her pleadings against MoneyGram also failed to state a plausible legal claim, even assuming their truth, under FED. R. CIV. P. 12(b)(6). So the Court dismissed all the claims against MoneyGram. *Id.* at 5–6.

As to Kahlkopf, on the other hand, the Court found Merolla plausibly alleged fraud. *Id.* at 7. Though she again failed to satisfy the amount-in-controversy requirement. *Id.* at 7–8. The Court therefore granted Kahlkopf's motion to dismiss—but allowed Merolla to "ask the Court to consider an amended pleading further supporting her allegations for damages against Kahlkopf." *Id.* at 1.

Merolla filed a putative third amended complaint for the Court's consideration. DN 41. It states additional claims against MoneyGram and Kahlkopf and seeks a combined $7,406,200 in damages. *Id.* at 3. Because these new allegations are futile, the Court denies Merolla's request to file a third amended complaint as to the new claims. As to her preexisting claims against Kahlkopf, however, the amount in controversy does not "to a legal certainty" fail to exceed the $75,000 threshold. So the Court holds it has subject-matter jurisdiction over the remaining claims against Kahlkopf and denies in part his motion to dismiss.

II.  **Re-Pled Allegations Against MoneyGram**

Merolla's second amended complaint stated three claims against MoneyGram: supporting a fraudulent business, refusing a refund, and failing to comply with records requests. Second Amended Complaint (DN 37) at 5. The Court dismissed all three claims as either not recognized under Kentucky law or lacking factual allegations (even if true) that would establish an entitlement to damages. Opinion at 6. The Court dismissed these claims against MoneyGram under both FED. R. CIV. P. 12(b)(1) and (6) and terminated it as a party. Because nothing suggested that a

2

*third* amended complaint could rehabilitate these claims, the Court did not invite Merolla to file an amended pleading against MoneyGram. *See id.* at 1.

Nevertheless—and without any accompanying motion for leave—Merolla has again named MoneyGram as a Defendant in her proposed amended complaint. These new pleadings request an additional $3 million in damages against MoneyGram, along with an entirely new set of claims for violations of various state and federal civil and criminal statutes. Third Amended Complaint at 3. Those claims invoke, among other sources of law: the Federal Trade Commission Act; 18 U.S.C. 371 and 1001 for "conspiracy of Fraud schemes"; 18 U.S.C. 1343 for "condoning Wire Fraud"; and the "U.S. Consumer Rights Act" for denying "any type of alternate dispute resolution." *Id.* at 3–4.[2]

Any "grant or denial of an opportunity to amend is within the discretion" of the Court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). While leave to amend should be "freely give[n]," FED. R. CIV. P. 15(a), the Court may deny a request for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182.

Merolla's putative amended complaint adds new claims against MoneyGram that are futile. "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). The complaint must therefore "allege facts that, if accepted as true, are sufficient 'to raise a right to relief above the speculative level,' and to 'state a claim to relief that is plausible on its face.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (citation omitted) (quoting *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 555, 570 (2007)). But the only fact Merolla alleges about MoneyGram in the newest complaint (or any prior complaint) is that she used it to pay Kahlkopf. Third Amended Complaint at 6. Merolla asserts—without any other factual support—that the company "willfully allowed an illegal business to falsely

---

[2] The complaint lists the following claims against MoneyGram: Federal Trade Commission Act; "Kentucky Federal Trade Commission Act"; 18 U.S.C. §§ 371, 1001, 1341, and 1343; 31 C.F.R. 1022.210; Kentucky Consumer Protection Act; and "United States Consumer Rights Act." But the "United States Consumer Rights Act" and the "Kentucky Federal Trade Commission Act" are not titles of existing statutes. And parties can't bring civil lawsuits under the criminal statutes she cites. *See Callahan v. Bregman*, No. 1:19-cv-1034, 2019 WL 9594163, at *2 (W.D. Mich. Dec. 23, 2019), R&R adopted, 2020 WL 4464493; *Smith v. Taylor-Pedersen*, No. 5:17-cv-11532, 2018 WL 2376567, at *6 (E.D. Mich. Apr. 30, 2018), R&R adopted, 2018 WL 2371100. Similarly, no private right of action exists for her FTCA claim, *Miller v. City of Memphis*, No. 2:23-cv-2315, 2024 WL 4521947, at *3 (W.D. Tenn. Jan. 16, 2024), R&R adopted, 2024 WL 4520683. And she has not identified any authority allowing her to bring a claim based on 31 C.F.R. 1022.210 (requiring money-lending businesses to develop anti-money laundering programs). *Cf. Alexander v. Sandoval*, 532 U.S. 275, 286 (2001) ("private rights of action to enforce federal law must be created by Congress").

3

represent themselves" and "had a legal obligation to report and strictly monitor this business." *Id.* She doesn't explain how MoneyGram allowed Kahlkopf to make any false representation, why allowing any such representation was willful, why it had a duty to monitor and report Kahlkopf's business, how it might've breached any such duty, how this payment would create liability under the tangle of federal and state statutes she characterizes as causes of action, or why any of these claims would entitle her to damages. These speculative allegations are insufficient to support any of the newly alleged claims. *See Foman*, 371 U.S. at 182.

These and related allegations are addressed in the Court's prior opinion granting MoneyGram's motion to dismiss. Merolla has offered no reason why that reasoning wouldn't extend to the third amended complaint. Even considering the "less stringent" pleadings standards that apply to *pro se* plaintiffs, therefore, these conclusory claims would not survive a motion to dismiss. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted). The Court therefore denies Merolla's (implicit) request to amend the complaint to add claims against MoneyGram.

## III. Claims Against Kahlkopf

Merolla's latest proposed complaint also adds a number of new claims against Kahlkopf, including wire fraud, violations of the Federal Trade Commission Act and federal and state consumer protection laws, and "egregious conduct." Third Amended Complaint at 4. She also restates claims for fraud ("making False statements to the Plaintiff to enter into a contract")[3] and breach of contract that she alleged against Kahlkopf in the dismissed second amended complaint. *Id.* The Court previously found her fraud claim plausible. *See* Opinion at 7.

**A. Plausibility.** Merolla's newly added claims could not survive a motion to dismiss. The Federal Trade Commission Act, 15 U.S.C. §§ 41-58, for one, "does not afford a plaintiff a private right of action." *Miller v. City of Memphis*, No. 2:23-cv-2315, 2024 WL 4521947, at *3 (W.D. Tenn. Jan. 16, 2024) (internal quotation marks omitted), R&R adopted, 2024 WL 4520683. Nor may Merolla assert a civil claim under the criminal statutes she cites: 18 USC § 1341 (fraudulent misrepresentation) and § 1343 (wire fraud). *See Callahan v. Bregman*, No. 1:19-cv-1034, 2019 WL 9594163, at *2 (W.D. Mich. Dec. 23, 2019), R&R adopted, 2020 WL 4464493.

Next, Merolla lists causes of action under the statutes she dubs the "United States Consumer Rights Act" and "Kentucky Federal Trade Commission Act." But these don't appear to be the titles of any existing statutes. And she points to no statute or law that might clarify the relief she seeks under these so-called "Acts." And

---

[3] The proposed amended complaint appears to situate what otherwise appears to be a common-law fraud claim under 18 U.S.C. § 1341. As the Court explains below, she may not bring a cause of action under that statute. Given the lenient pleading standards applied to *pro se* plaintiffs, the Court construes this claim as one for common-law fraud as stated in her second amended complaint. *See Erickson*, 551 U.S. at 94.

4

while she also lists the Kentucky Consumer Protection Act, KRS § 367.110 *et seq.*, the proposed amendment does not describe which of its many provisions she invokes. Moreover, the only fact she ties to this statutory claim is directed toward MoneyGram, not Kahlkopf: MoneyGram "had a legal obligation to report and strictly monitor [Kahlkopf's] business … in consonance with … the Kentucky Consumer Protection Act." Third Amended Complaint at 6. Nowhere has she explained, in plausible and understandable terms, what facts would establish her right to recover from Kahlkopf under any of these statutes. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

That just leaves Merolla's newly alleged defamation claim. Merolla's third amended complaint alleges Kahlkopf acted with an "intent to Slander, Libel, harass, threaten, [and] publicly humiliate" her. DN 41 at 4. In Kentucky, a plaintiff alleging defamation must establish: "(a) a false and defamatory statement concerning another; (b) an unprivileged publication to a third party; (c) fault amounting at least to negligence on the part of the publisher; and" (d) either "per se" actionability or "special harm." *Toler v. Süd-Chemie, Inc.*, 458 S.W.3d 276, 282 (Ky. 2014), *as corrected* (Apr. 7, 2015). The new complaint points to Kahlkopf's "court filings" through a "third party" that included "false, bias[ed], untrue and misleading" information to "demean, humiliate and further threaten and harass" Merolla. Third Amended Complaint at 7. But Kentucky courts hold that communications "pursuant to judicial proceedings … even if otherwise defamatory" are "absolutely privileged" when material to the proceeding, *New Albany Main Street Properties, LLC v. Stratton*, 677 S.W.3d 345, 348–49 (Ky. 2023), and can't support a defamation cause of action, *Maggard v. Kinney*, 576 S.W.3d 559, 567 (Ky. 2019). Her second amended complaint likewise makes only vague references to Mr. Kahlkopf using "bias[ed] information" and "attacking [her] character in his reply and report to the police." Second Amended Complaint at 11. Assuming statements to police are not fully privileged under Kentucky law, such statements are still "only actionable if uttered with malice," that is, "ill will, hatred or wrongful motive." *Wright v. Jefferson County Police Dep't*, No. 92-6203, 1993 WL 503748, at *3 (6th Cir. Dec. 8, 1993). And even if the statements she alludes to in these complaints weren't privileged, the putative complaint doesn't describe the allegedly false statements Kahlkopf made. Nothing brings this defamation claim to the level of plausibility. *See Hensley Mfg.*, 579 F.3d at 609.

These new claims are too "[t]hreadbare" to allow them to move forward; they would inevitably fail. *Iqbal*, 556 U.S. at 678. And while the record is replete with exhibits and documents filed by Merolla—as exhibits to the putative third amended complaint and throughout the history of this case—she has not explained how the information in those filings supports any of her new claims. *See Jinadu v. Fitzgerald*, No. 99-4259, 2000 WL 1359640, at *1 (6th Cir. Sept. 15, 2000). Merolla's request to amend her complaint to add new federal and state claims against Kahlkopf fails because those claims would be futile. *See Rose*, 203 F.3d at 420.

5

As the Court previously held, however, Merolla *has* at least plausibly stated a fraud claim against Kahlkopf. She "alleged that Kahlkopf represented that he could help her recover her child if she paid him; she paid; he 'never did anything he promised to do' and never has any intention of doing so; and he refused to return her money." Opinion at 7 (quoting Second Amended Complaint at 10). The Court found Merolla's allegations sufficiently pled a claim given the elements of fraud under Kentucky law. *See United Parcel Serv. Co. v. Rickert*, 996 S.W.2d 464, 468 (Ky. 1999). These same allegations suffice to state a plausible claim for breach of contract under Kentucky law, which requires evidence of an enforceable contract ("definite and certain terms setting forth promises of performance to be rendered by each party"), breach of the contract, and damages. *Barnett v. Mercy Health Partners-Lourdes, Inc.*, 233 S.W.3d 723 at 227 (Ky. Ct. App. 2007). The Court therefore denies Kahlkopf's renewed motion to dismiss under Rule 12(b)(6) regarding Merolla's fraud and breach-of-contract claims.

**B. Amount in Controversy.** Because the Court denies Merolla's request to add new claims (some of which might've supported federal-question jurisdiction under § 1331), it returns to the question that concluded its last opinion in this case: whether Merolla's preexisting claims against Kahlkopf establish an amount in controversy exceeding $75,000 (sufficient to support diversity jurisdiction under § 1332)?

The previous complaint mentioned only $6,200 in compensatory damages. Merolla's references to "mental anguish" and "financial hardship," however, suggested that her "punitive damages" actually included some amount of compensatory damages. *See* Opinion at 7 n.5. Now, in her proposed third amended complaint, Merolla does not specify her compensatory damages as $6,200 (or any amount), and she further alleges "loss of appetite, sleeplessness, increased anxiety, increased blood pressure, public humiliation, shame and unnecessary grief" as a result of Kahlkopf's alleged actions. Third Amended Complaint at 7. Though Merolla obviously hasn't yet proved any entitlement to the $3.7 million she claims—an amount apparently tied not to a particular claim but instead to an apparently unrelated attachment[4]—the Court still is not convinced with "legal certainty" that she could not recover more than $75,000. *See Schultz v. General R.V. Ctr.*, 512 F.3d 754, 756 (6th Cir. 2008).

Merolla's third amended complaint therefore creates an amount in controversy sufficient to invoke the Court's subject-matter jurisdiction. For that reason, the Court

---

[4] For the majority of her newly alleged damages, Merolla appears to rely on a document attached as an exhibit to the proposed amended complaint. This document is titled "Certification of Non-Response/Non-Performance," was drafted by Merolla, and was apparently sent to the "Murray Department of Community Based Services" notifying the "respondent" that it had "entered into default." Exhibit 1, Third Amended Complaint (DN 41-1). According to Merolla's proposed complaint, this exhibit is evidence of more than $2.4 million in "contract losses." But it's not clear what this document means or how it relates to her claims against Kahlkopf.

6

denies Kahlkopf's renewed motion to dismiss under Rule 12(b)(1): he hasn't demonstrated that the Court lacks jurisdiction. *See* Motion to Dismiss (DN 43) at 25 ("incorporat[ing] by reference Defendant's prior motions and arguments pertaining to this rule"). The third amended complaint will therefore be filed in the record and her claims for fraud and breach of contract against Kahlkopf may proceed.

## IV. Remaining Motions

**A. MoneyGram's Motion to Strike.** According to MoneyGram, the Court should strike the new claims against it in the proposed complaint as "redundant, immaterial and/or impertinent," Motion to Strike (DN 42) at 3, because the Court's prior opinion dismissing all Merolla's claims against it was a final judgment under FED. R. CIV. P. 58. That's wrong. This is a case "involving multiple parties," so any order that "adjudicates fewer than all the … parties does not end the action as to any of the claims or parties." FED. R. CIV. P. 54(b). In any event, the Court has already denied Merolla's request to add new claims against MoneyGram. So the Court denies MoneyGram's motion to strike as moot.

**B. Kahlkopf's Motions.** In addition to his motion to dismiss Merolla's third amended complaint, Kahlkopf moved to file a surreply in response to Merolla's second amended complaint. DN 40. He also filed a motion for "contempt for perjury." DN 43.[5]

The Court denies as moot Kahlkopf's motion to file a surreply. He filed this motion after the Court issued its opinion dismissing the second amended complaint. Once that motion was resolved, any putative surreply no longer pertained to any pending motion. So no "valid reason for such additional briefing exists." *Crenshaw v. Portfolio Recovery Assocs., LLC*, 433 F. Supp. 3d 1057, 1063 (W.D. Ky. 2020) (quoting *First Specialty Ins. Corp. v. 633 Partners, Ltd.*, 300 F. App'x 777, 788 (11th Cir. 2008)).

The Court also denies Kahlkopf's motion for contempt. DN 43. To be guilty of perjury, a person must willfully make a false statement either in sworn testimony or in an unsworn statement signed "under penalty of perjury." 18 U.S.C. § 1621; 28 U.S.C. § 1746. Merolla's complaint is neither sworn testimony nor a statement signed under penalty of perjury. *See Stokes v. Ohio Truck Sales, LLC*, 633 F. Supp. 3d 1023, 1029 (N.D. Ohio 2022). Nor may Kahlkopf pursue criminal charges under the guise of a civil complaint.

## ORDER

The Court grants Merolla's implicit request to file a third amended complaint—but only with respect to her damages allegations against Kahlkopf for

---

[5] This motion is styled as a "Response to Plaintiff's Third Amended Complaint, Motion for Dismissal, Motion for Contempt for Perjury, [and] Motion for Leave to File Surreply with Memorandum of Facts in Support of Its Motion to Dismiss." DN 43. The Court construes it as a motion to dismiss the third amended complaint and motion for contempt.

fraud and breach of contract (the sole issue and claims anticipated by the Court's prior order allowing her to replead). DN 41. The Court denies Merolla's request to file the third amended complaint to the extent it adds new claims against MoneyGram and Kahlkopf. MoneyGram remains dismissed from this case. Further, the Court orders the third amended complaint be filed in the record only as to her claims for fraud and breach of contract against Kahlkopf.

      Finally, the Court grants Kahlkopf's motion to dismiss the third amended complaint insofar as it asserts new claims against him, denies that motion to the extent it seeks to dismiss the fraud and breach claims for failure to state a claim or for lack of subject-matter jurisdiction (DN 43), denies as moot MoneyGram's motion to strike the amended complaint (DN 42), denies as moot Kahlkopf's motion to file a surreply (DN 40), and denies Kahlkopf's motion for contempt (DN 43).